In re Johnny Leroy WHEELER, Debtor.

Johnny Leroy WHEELER, Plaintiff,

v.

UNITED STATES of America (Internal Revenue Service), Defendant.

Bankruptcy No. BK–91–04696–LN.
Adv. No. ADV–93–1252–LN.

United States Bankruptcy Court,
W.D. Oklahoma.

March 7, 1995.

James S. Matthews, Oklahoma City, OK, for debtor.

Roger W. Bracken, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

### ORDER ON MOTION FOR ABSTENTION AND MOTION FOR SUMMARY JUDGMENT [1]

PAUL B. LINDSEY, Chief Judge.

This adversary proceeding was commenced on July 22, 1993, by Johnny Leroy Wheeler ("Wheeler"), plaintiff herein and debtor in the underlying bankruptcy case, requesting a determination of the dischargeability of a tax assessment imposed by the Internal Revenue Service ("IRS"), the defendant herein, against Wheeler for his alleged failure to collect, truthfully account for, and pay to IRS, income and FICA taxes withheld from the wages of employees of Enterprise Management Consultants, Inc. ("EMCI"), for the last three quarters of 1986, as is required by 26 U.S.C. § 6672.[2]

---

[1]. At this time, there is pending before this court a request for summary judgment. A decision on the motion for summary judgment could not be rendered until such time as the instant motion to abstain was decided. Because the court now decides the motion to abstain, the court will also enter its decision on the motion for summary judgment as part of the instant order.

[2]. Title 26 U.S.C. § 6672(a) provides:

(a) General rule.—Any person required to collect, truthfully account for, and pay over any tax

On April 20, 1994, IRS filed its answer to Wheeler's complaint.

On September 30, 1994, Wheeler, after having obtained leave of this court, filed an amended complaint additionally requesting, *inter alia,* a determination of whether he is a "responsible person" for purposes of 26 U.S.C. § 6672, and therefore liable for the subject assessment, and a determination of the extent and amount of his alleged liability.

On October 13, 1994, IRS, relying upon 11 U.S.C. § 523(a)(1)(A), filed a motion for summary judgment with regard to whether Wheeler's alleged liability for the subject assessment is dischargeable in the underlying bankruptcy case, and filed a motion to dismiss the complaint as to all other issues.[3]

On November 14, 1994, Wheeler filed an objection both to IRS' motion for summary judgment and to IRS' motion to dismiss.

On December 9, 1994, IRS filed its motion requesting that this court abstain from determining whether Wheeler is liable for the subject assessment.[4]

On December 23, 1994, Wheeler filed his objection to IRS' request for abstention.

On February 1, 1995, a hearing was held on IRS' motion to abstain, and the objection thereto filed by Wheeler. At the conclusion of that hearing, and after having heard the arguments of counsel, the court took the matter under advisement.

## THE ISSUES

At this juncture, the only issues to be determined are whether abstention is appropriate with regard to any determination of Wheeler's liability for the subject assessment, and whether summary judgment is appropriate.

## MOTION FOR ABSTENTION

In its motion requesting abstention by this court, IRS points out that the underlying bankruptcy case is a "no asset" Chapter 7 case, and that it did not file a proof of claim since a distribution, if any, to debtor's creditors would be insignificant.

IRS asserts that no purpose would be served in connection with the administration of the underlying Chapter 7 case by determining debtor's liability for the assessment. It argues that 11 U.S.C. § 505(a)(1), which authorizes a bankruptcy court to determine the amount or legality of any tax, fine, or penalty relating to a tax, or any addition to tax of a debtor in bankruptcy, is a permissive exercise of the bankruptcy court's authority.

IRS urges this court to abstain from exercising its authority to determine debtor's liability, contending, *inter alia,* that such a determination would not be material to the administration of the underlying bankruptcy case considering the lack of assets available for any distribution. It further contends that the burden that would be imposed on this court's docket in determining Wheeler's liability is unnecessary since other forums are available to debtor for adjudication of the issue regarding his liability.

In his objection, Wheeler argues, *inter alia,* that if the court should abstain from deciding the issues herein, a substantial delay in the administration of this proceeding would result.

The ultimate issue presented in this adversary proceeding is whether Wheeler's alleged

---

imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

**3.** Title 11 U.S.C. § 523(a)(1) provides:
  (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—
(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed.
(This provision was amended on October 22, 1994, substituting § 507(a)(8) for § 507(a)(7) to reflect the corresponding change in priority of certain unsecured claims of governmental entities.)

**4.** The court notes that IRS withdrew its previous motion for dismissal, as is stated within its motion seeking abstention.

liability for the unpaid trust fund taxes may be discharged in the bankruptcy case, which is the subject of IRS' motion for summary judgment. However, prior to reaching any determination on that issue, it must be established that Wheeler is a "responsible person" for purposes 26 U.S.C. § 6672, and therefore liable for the subject assessment.

By its pleadings, IRS requests that this court abstain from adjudicating Wheeler's liability, but nevertheless, enter summary judgment in its favor as to the non-dischargeability of that alleged liability.

As is conceded by IRS, this court has authority and jurisdiction to determine Wheeler's alleged liability. The court is of the view that in these circumstances granting IRS' request for abstention would only serve to delay both this adversary proceeding and the administration of the underlying bankruptcy case.

## MOTION FOR SUMMARY JUDGMENT

■ Summary judgment under Rule 56, Fed.R.Civ.P., made applicable to this proceeding under Rule 7056, Fed.R.Bankr.P., is appropriate if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

As is noted above, there exists a genuine issue of material fact with regard to the issue whether Wheeler is a responsible person for purposes of 26 U.S.C. § 6672. This fact issue precludes summary judgment on the ultimate issue regarding the extent of, and dischargeability of Wheeler's liability, if any, for the assessment made by IRS, and that therefore, summary judgment is inappropriate.

## DECISION

Based upon the foregoing, IRS' motion requesting that this court abstain from adjudicating Wheeler's alleged liability with regard to the subject assessment, and its motion for summary judgment with regard to the dischargeability of Wheeler's alleged liability on that assessment, will be denied.

The court will therefore set this matter for a pre-trial conference on its first available docket.

IT IS SO ORDERED.