**In re Roberta J. LYLE, Debtor.**

**Roberta J. LYLE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 95–02286–8–U.S.
Adv. No. S–95–00114–8–AP.**

United States Bankruptcy Court,
E.D. North Carolina.

Dec. 14, 1995.

Lawrence P. Blaskopf, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for U.S.

David J. Pikul, Fayetteville, NC, for plaintiff.

## ORDER GRANTING MOTION TO ABSTAIN

A. THOMAS SMALL, Chief Judge.

The matter before the court in this adversary proceeding is the motion to dismiss or abstain filed by the defendant, the United States of America, Internal Revenue Service (IRS). A hearing was held on December 13, 1995, in Raleigh, North Carolina. The motion to dismiss will be denied and the motion to abstain will be granted.

### JURISDICTION

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. sections 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. sections 157(b)(2)(K) and (O) which this court may hear and determine.

### FACTS

The debtor, Roberta J. Lyle, filed a chapter 13 petition on July 10, 1995, that was converted to a no-asset chapter 7 case on September 20, 1995. The IRS filed a proof of claim in this case for $41,345.14, secured by a federal tax lien. The debtor filed this adversary proceeding on October 2, 1995, to determine, among other things, whether she is actually liable for the tax debt claimed by the IRS. The parties now agree that if the debtor is liable for the unpaid employment trust fund taxes, that debt would be nondischargeable in chapter 7.

The IRS contends that this action should be dismissed because the debtor lacks standing to bring an adversary proceeding such as this. The IRS bases its standing argument on the grounds that the outcome of this proceeding will not affect the estate since this is a no-asset case. Alternatively, the IRS contends that the bankruptcy court should abstain from determining the debtor's liability to the IRS because such an adjudication would have no effect on the administration of the bankruptcy case.

The debtor argues that she possesses standing to have the court determine her liability on the tax debt pursuant to 11 U.S.C. § 505 and 28 U.S.C. § 157(b)(2)(K). Ms. Lyle argues that the issue of whether or not she is liable for this nondischargeable tax debt will strongly impact the fresh start she is seeking from bankruptcy.

### ANALYSIS AND CONCLUSIONS

The court agrees that the debtor possesses standing to assert this adversary proceeding. A debtor lacks standing to object to a claim in which the debtor has no interest, but whether or not Ms. Lyle is liable for a nondischargeable tax debt is obviously of great interest to her since it would directly impact her financial future and her fresh start.

■ However, the court concludes that it should abstain from hearing this adversary proceeding for several reasons. First, this proceeding does not present any bankruptcy issues such as dischargeability of the debt. Second, the bankruptcy estate will be completely unaffected by the determination that Ms. Lyle seeks. Additionally, alternative procedures exist that would allow Ms. Lyle to have an administrative determination of her liability, followed by a review in federal district court, if she so desires. Finally, § 505 of the Bankruptcy Code gives the court discretionary, rather than mandatory, jurisdiction over the determination of taxes. Under the present circumstances the court declines to exercise that discretionary jurisdiction and will therefore abstain from determining this proceeding pursuant to 28 U.S.C. § 1334(c)(1).

Consequently, the motion to dismiss is **DENIED** and the motion to abstain is **GRANTED**.

**SO ORDERED.**