**In re Hector ONTIVEROS, Debtor.**

**Hector Ontiveros, Plaintiff,**

**v.**

**Internal Revenue Service, California State Board of Equalization, California Employment Development Department and Does 1–50, Defendants.**

Bankruptcy No. 98–34612HDM.
Adversary No. 00–3118DM.

United States Bankruptcy Court,
N.D. California.

Aug. 31, 2001.

Arlo H. Smith, San Francisco, CA, for plaintiff.

Patricia Montero, Special Assistant United States Attorney, San Francisco, CA, for defendant.

### ORDER GRANTING MOTION TO ABSTAIN AND DISMISSING ADVERSARY PROCEEDING

DENNIS MONTALI, Bankruptcy Judge.

In this adversary proceeding the Plaintiff, Hector Ontiveros ("Ontiveros"), seeks a determination that he is not liable for unpaid payroll trust fund taxes as a responsible person under 26 U.S.C. § 6672. Defendant United States of America, through the Internal Revenue Service ("IRS"), has assessed trust fund recovery penalties against Ontiveros based upon unpaid taxes accrued by three corporations owned by Ontiveros' late father, Febronio Ontiveros. Ontiveros was an officer of at least one of those corporations. Two of those corporations have been liquidated in Chapter 7 in this court. The IRS asks that the court abstain pursuant to 11 U.S.C. § 505(a) and 28 U.S.C. § 1334 because, as it notes correctly, any such liability would not be dischargeable in Ontiveros' Chapter 7 case (see 11 U.S.C. § 523(a)(1)(A) and § 507(a)(8)(C)), there is no bankruptcy purpose to be served by this action, and Ontiveros has alternate remedies readily available to him, either

by paying a modest amount and commencing a refund suit in the federal district court or in the United States Court of Claims or making an Offer and Compromise pursuant to 26 U.S.C. § 7122.

 While the majority of bankruptcy courts that have dealt with this issue prefer to have matters of this nature adjudicated outside of the bankruptcy court, there is some authority for keeping the matter here where there is a "bankruptcy reason." Ontiveros relies on the fact that he believes some or all of the underlying alleged liability would have been paid to the IRS but for an embezzlement by the bankruptcy attorney who handled one of the corporate cases in this court. He maintains that this court is familiar with the events related to the embezzlement.

The IRS has shown that a substantial portion of Ontiveros' alleged liability predates the mischief of that counsel, which, even if it occurred, would not constitute a defense to the charge that Ontiveros is liable a responsible person.

After considering all of the foregoing, and the arguments and evidence submitted by the parties, the court is convinced that there is virtually no "bankruptcy reason" for maintaining this action here, for even if Ontiveros is liable, the nondischargeability of such liability will not affect his "fresh start" in his Chapter 7 case.

 While more often than not, motions to abstain of this nature are considered in the context of a pending alternative proceeding, the maintenance of an action of this nature in bankruptcy court is largely discretionary since 11 U.S.C. § 505(a)(1) indicates that the court "may" determine the amount or legality of a tax, rather than "shall" do so.

On balance, and particularly because of the readily available alternatives to Ontiveros as noted above, the court will exercise its discretion and grant IRS' motion to abstain.

Accordingly, the motion to abstain is granted and this adversary proceeding is dismissed.