In the Matter of Thomas
A. BEISEL, Debtor.

Bankruptcy No. 94–12902.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Feb. 13, 1996.

Alan J. Statman and Thomas J. Utaski, Cincinnati, Ohio, for Debtor.

Terry Serena, Cincinnati, Ohio, and Beth A. Westerman, Tax Division, Department of Justice, Washington, DC, for Internal Revenue Service.

### ORDER GRANTING THE INTERNAL REVENUE SERVICE'S MOTION FOR ABSTENTION

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on the Internal Revenue Service's (IRS) Motion for Abstention (Doc. 41,42), and the Debtor's Response (Doc. 45).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this District on July 30, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and 11 U.S.C. § 505.

The issue presented is whether the Court should exercise discretionary abstention "in the interest of justice" 28 U.S.C. § 1334(c)(1) and pursuant to its discretion under 11 U.S.C. § 505 on the underlying issue of whether the Debtor's tax debts were the result of the IRS's alleged improper reclassification of the Debtor's workers from independent contractors to employees.

The Debtor, Thomas A. Beisel, fdba T and S Leasing and Beisel Trucking, operated a trucking business until 1992. In 1990, the Internal Revenue Service audited the Debtor for the tax years 1988 and 1989 and determined that the Debtor's truck drivers were not independent contractors, as the Debtor had them classified, but employees under the common law and, therefore, subject to various employment taxes. The Debtor made adjustments to his operations intending to make his workers independent contractors according to the IRS guidelines. The Debtor was audited in 1992 for tax years 1990 and 1991 and was again found to have wrongly classified his workers as independent con-

tractors and not employees. The Debtor was again assessed employment taxes and penalties.

On August 10, 1994, the Debtor filed a voluntary Chapter 7 petition. The Debtor listed in his petition disputed claims to the IRS in excess of $150,000.00. The Trustee reported that the estate had no assets (Doc. 9). The IRS did not file a proof of claim. The Debtor filed an objection to the IRS claim (Doc. 14) as well as a complaint to determine dischargeability of federal tax debt (Doc. 1, Adv. No. 94–1183). Subsequently, in the main case, the IRS filed its motion for abstention.

The IRS contends that this Court should abstain from adjudicating the Debtor's tax liability since the litigation would serve no separate bankruptcy purpose. The IRS also contends that other factors to be considered by the Court in determining whether to abstain weigh in favor of abstention. The Debtor contends that a proper bankruptcy purpose is that which includes the interest of the Debtor. The Debtor also contends that the factors to be considered by the Court in determining whether to abstain weigh against abstention.

Pursuant to 11 U.S.C. § 505(a)(1):

... the court may determine the amount or legality of any tax, any fine or penalty relating to tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

Section 505(a)(1) allows but does not require the Bankruptcy Court to determine a debtor's tax liabilities. The purposes of § 505(a)(1) are twofold: First, it "afford[s] a forum for the ready determination of the legality or amount of tax claims, which determination, if left to other proceedings, might delay conclusion of the administration of the bankruptcy estate". *In re Diez*, 45 B.R. 137, 138 (Bankr.S.D.Fla.1984). This purpose has no application in a no-asset case involving no parties other than the debtor and the IRS. *See e.g., id. See also In re Thornton,* Case No. 92–40405, 1995 WL 442192 (Bankr.

**380**

M.D.Ga. June 23, 1995) and cases cited therein. *But see In re Anderson,* 171 B.R. 549 (Bankr.N.D.Va.1994); *In re D'Alessio,* 181 B.R. 756 (Bankr.S.D.N.Y.1995). Second, § 505(a)(1) provides an opportunity for the trustee, on behalf of the creditor, to contest the validity and amount of a tax claim when the debtor has been unwilling or unable to do so. *In re Millsaps,* 133 B.R. 547, 554 (Bankr.M.D.Fla.1991).

■ Bankruptcy Courts, including this Court, have incorporated these policies into six factors to be considered in deciding whether to abstain from a § 505 tax review:

    (1) Complexity of the tax issues to be decided;

    (2) Need to administer bankruptcy case in orderly and efficient manner;

    (3) Burden on bankruptcy court's docket;

    (4) Length of time required for trial and decision;

    (5) Asset and liability structure of debtor; and

    (6) Prejudice to debtor and potential prejudice to the taxing authority.

*Building Technologies Corp. v. City of Hannibal,* 167 B.R. 853, 858 (Bankr.S.D.Ohio 1994) (Perlman, J.) (citing *In re Galvano,* 116 B.R. 367 (Bankr.E.D.N.Y.1990)). *See also, In re Huddleston,* Case No. 94–50342, 1994 WL 764193 (Bankr.W.D.La. Dec. 2, 1994) at *7 and *In re D'Alessio,* 181 B.R. at 759–60.

■ The tax issue in the present case, i.e., whether the Debtor's employees were improperly reclassified by the IRS as employees rather than independent contractors, is fact intensive and would require this Court to apply detailed treasury regulations and interpret revenue rulings. (*See* Doc. 14). Inconsistent interpretations of these tax laws would be detrimental to both the IRS and future taxpayers.

Also, this is a no-asset case. While this Court is sensitive to the fact that the Debtor wishes to resolve his tax liability as expeditiously as possible, this case does not require a ready determination of that issue for the benefit of the Debtor's creditors. Nor is this a case where the Debtor has failed to contest the IRS actions. *See In re Millsaps,* 133 B.R. at 554; and *In re Diez,* 45 B.R. at 138.

Because of the complexity of the issue involved and since there is no need for a determination of this tax issue for estate administration purposes, this Court is not the proper forum for this litigation. *Building Technologies Corp.,* 167 B.R. at 858. This does not leave the Debtor without an alternative remedy as he may pay a portion of the tax at issue, file an administrative claim, and, if necessary, a refund suit in District Court. (*See* Doc. 42, p. 4, fn. 2).

For the reasons set forth above, the motion to abstain (Doc. 41) is **GRANTED.**

    **IT IS SO ORDERED.**