**In re Daniel F. THOMAS and Janet D. Thomas, Debtors.**

No. 00–7141–3F7.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

April 3, 2001.

John S. Winkler, Jacksonville, FL, for Debtors.

Monica J. Miller, Jacksonville, FL, for the IRS.

Gordon P. Jones, Jacksonville, FL, Chapter 7 Trustee.

*ORDER OVERRULING DEBTORS' OBJECTION TO CLAIM 10 AND DENYING DEBTORS' MOTION TO VALUE CLAIM 10*

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on the Objection to Claim 10 ("Objection to Claim

10") of Department of the Treasury—Internal Revenue Service ("IRS") and on the Amended Motion to Value Claim 10 ("Motion to Value Claim 10") of the IRS filed by Daniel F. Thomas and Janet D. Thomas ("Debtors") on January 26, 2001 and February 12, 2001, respectively. (Doc. 32 and 34.) The Court held a hearing on the Objection to Claim 10 and on the Motion to Value Claim 10 on March 28, 2001 and took the matters under advisement. (Doc. 43 and 44.) Upon review of the relevant authority, the Court finds it appropriate to overrule Debtors' Objection to Claim 10 and to deny Debtors' Motion to Value Claim 10.

Debtors' Objection to Claim 10 does not assert any basis for disallowing the IRS' claim under 11 U.S.C. § 502; rather, Debtors object to the IRS' characterization of the claim as wholly secured. Debtors argue that Claim 10 should be bifurcated into secured and unsecured portions pursuant to 11 U.S.C. § 506(a). The Debtors' Motion to Value Claim 10 then seeks to assign to that secured portion the value of $64,000.00, the asserted value of Debtors' equity in their homestead, upon which the IRS' lien rests.

The IRS counters that the bifurcation of its claim and the assignment of a dollar value to the bifurcated portions of its claim would impermissibly "strip down" the IRS' lien to a premature judicially determined value in violation of Supreme Court precedent.

■■■■ A Chapter 7 debtor may not use an objection to claim in combination with a motion to value in order to "strip down" a secured creditor's lien to the value of a debtor's interest in the collateral against which the lien rests. *See Dewsnup v.*

*Timm,* 502 U.S. 410, 417, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). "[ Title 11, Section] 506(d) does not allow petitioner to 'strip down' respondents' lien, because respondents' claim is secured by a lien and has been fully allowed pursuant to § 502." *Id.* If a court were to bifurcate an allowed claim and value the secured and unsecured portions, then a court would by implication invalidate, or "strip down," the lien securing such allowed claim to the extent that the claim exceeded the determined secured valuation. *See id.* If the collateral were to subsequently appreciate, then the debtor could keep such appreciation upon post-bankruptcy sale of the collateral, resulting in a windfall. *See id.* The Supreme Court in *Dewsnup* found such a result in conflict with the established principle that liens should pass through bankruptcy unaffected. *See id.*

Therefore the Court finds that it may not in this Chapter 7 Case bifurcate the IRS' claim into valued unsecured and secured portions for fear of depriving an eventual auctioneer of his rightful last word on the subject.[1]

The Court notes that the fact that the collateral at issue is Debtors' homestead does not alter this result. Despite the extensive protection bestowed upon the homestead by Article X of the Florida Constitution, it is conceivable that Debtors' homestead might eventually be auctioned off. It would be impermissible, pursuant to *Dewsnup,* for the Court today to place a cap on the value of the IRS' lien and therefore on its eventual collection from that perhaps far-off sale, leaving any appreciation between now and that date for Debtors to enjoy.

---

1. Of course, this limitation on the Court's ability to bifurcate and value does not apply in Chapter 13 cases, where the auctioneer is necessarily thwarted and where a determination of secured value must be made in order to evaluate the confirmability of a proposed Chapter 13 plan.

Accordingly, it is

**ORDERED:**

**1.** Debtors' Objection to Claim 10 is **overruled.**

**2.** Debtors' Motion to Value Claim 10 is **denied.**