**In re Mitchell Scott STONE, Lillian Haydee Stone, Debtors.**

**No. 03–16984–8G7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 22, 2005.

Ronald R. Bidwell, Law Office of Ronald R. Bidwell PA, Tampa, FL, for Debtors.

## ORDER ON MOTION BY UNITED STATES TO OVERRULE CONTESTED MATTER

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Overrule Contested Matter filed by the United States of America, Internal Revenue Service.

The Debtors, Mitchell Scott Stone and Lillian Haydee Stone, initiated this contested matter by filing an Objection to Claim # 5 of the Department of Treasury, Internal Revenue Service (IRS). Generally, the Debtors contend that no portion of the Claim should be allowed as a secured claim, based on the minimal value of their assets at the time that the bankruptcy petition was filed. Second, the Debtors contend that the Debtor, Lillian Stone, is

not liable for any portion of the claim that arises under § 6672 of the Internal Revenue Code.

In the Motion under consideration, the IRS asserts that the Objection should be overruled, or alternatively that the Court should abstain from determining the Objection, because the arguments set forth therein are not available to Chapter 7 debtors in "no asset" liquidation cases.

## Background

The Debtors filed a petition under Chapter 7 of the Bankruptcy Code on August 15, 2003. On December 16, 2003, the Debtors received their Discharge of Joint Debtors.

On May 28, 2004, the IRS filed a Proof of Claim in the Chapter 7 case. The Proof of Claim includes a secured component in the amount of $60,502.71, and a priority component in the amount of $36,947.81, for a total claim of $97,450.52. It appears that the claim is based primarily on the IRS's assertion of "responsible officer" liability under § 6672 of the Internal Revenue Code for the trust fund portion of unpaid withholding taxes.

On January 4, 2005, the Chapter 7 Trustee filed her Report of No Distribution. In the Report, the Trustee stated that the estate had been fully administered and that there was no property available for distribution to creditors.

On February 7, 2005, the Debtors filed an Objection to the IRS's Claim. In the Objection, the Debtors allege that the assets listed on their bankruptcy schedules are valued at $7,475.00, and that the consensual liens encumbering the assets total $13,241.00. Consequently, the Debtors assert that they possessed no equity in their assets at the time that the bankruptcy petition was filed, and that the IRS's claim is therefore unsecured in its entirety.

The Debtors also allege that the penalties asserted by the IRS under § 6672 relate to a corporation known as Tourlink, Inc., but that Lillian Stone did not have the corporate authority or control required for liability as a "responsible officer" under that provision. The Debtors therefore object to the IRS's Claim to the extent that it seeks to impose liability on Lillian Stone for penalties asserted under § 6672 of the Internal Revenue Code.

In response, the IRS filed the Motion to Overrule Contested Matter that is currently under consideration. In its Motion, the IRS incorporates the grounds for dismissal set forth in its Motion to Dismiss or Abstain filed in a parallel adversary proceeding, Adv. No. 05–52. Basically, the IRS contends that "a Chapter 7 debtor may not strip down a secured creditor's lien," and that the Debtors therefore are not entitled to an Order determining that the IRS's claim is unsecured. The IRS also contends that a debtor in a no-asset Chapter 7 case may not object to a federal tax claim, because no bankruptcy purpose would be served by a determination of the tax liability.

## Discussion

### I. Determination of the secured status of the Claim

In their Objection, the Debtors assert that the Court should determine that the IRS's claim is unsecured, because no equity existed in any of their assets at the time that the bankruptcy petition was filed.

In response, the IRS contends that the Objection should be overruled, because its lien "passes through" the bankruptcy case, regardless of the value of the Debtor's assets at the time of filing, and because no bankruptcy purpose would be served by valuing the lien.

■ The Court finds that the Objection should be overruled.

The decision in *In re Carpenter*, 2003 WL 1908944 (Bankr.M.D.Fla.) is directly on point. In *Carpenter*, the Chapter 7 debtors had filed a complaint against the IRS to determine the extent, validity, and priority of the IRS's prepetition tax liens. In Count II of the complaint, the debtors asserted that the amount of the tax liens should be limited to the value of their unencumbered personal assets at the time that the bankruptcy petition was filed.

The Court in *Carpenter* concluded that the debtors' Count II should be dismissed, based primarily on the decision of the United States Supreme Court in *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), and the line of cases that have followed *Dewsnup*.

> In *Dewsnup*, the Supreme Court held a Chapter 7 debtor may not use the provisions of 11 U.S.C. § 506 to "strip down" a mortgage lien to the judicially determined value of the property. (Citation omitted.) The Supreme Court reiterated liens on real property pass through bankruptcy unaffected. (Citation omitted.) The holding in *Dewsnup* has since been extended to include non-consensual federal tax liens, like those at issue in this case. (Citations omitted.)
>
> Clearly under *Dewsnup*, relief in the form of 11 U.S.C. § 506 is not available to Debtors under the facts of this case.... This Court finds no support for the relief requested in Count II, and cannot envision any legal argument which would support the Debtors' assertions.

*In re Carpenter*, 2003 WL 1908944, at *1. Consequently, the Court dismissed Count II of the debtors' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *Id.*

The principles discussed in *Carpenter* were recently adopted in *In re Dippel*, 2005 WL 758801 (S.D.Fla.)("[A]ny federal tax lien attaching to the Debtors' property and interests in property pass through bankruptcy unaffected," and "[a]s a matter of law, a Chapter 7 debtor is not permitted to 'strip down' the value of a creditor's lien.") and *In re Phillips*, 2005 WL 995001 (Bankr.M.D.Fla.)("A debtor is not permitted to 'strip down' an allowed secured claim in a Chapter 7 case.").

The rationale for these decisions was explained in *In re Thomas*, 260 B.R. 884 (Bankr.M.D.Fla.2001). Generally, courts recognize the long-established rule that prepetition liens pass through bankruptcy unaffected, and therefore conclude that the lienholder should be entitled to receive the benefit of any postpetition increase in value of the property subject to the lien.

> If the collateral were to subsequently appreciate, then the debtor could keep such appreciation upon post-bankruptcy sale of the collateral, resulting in a windfall.
>
> .    .    .    .    .
>
> It would be impermissible, pursuant to *Dewsnup*, for the Court today to place a cap on the value of the IRS' lien and therefore on its eventual collection from that perhaps far-off sale, leaving any appreciation between now and that date for Debtors to enjoy.

*In re Thomas*, 260 B.R. at 885. In other words, pursuant to *Dewsnup* and its progeny, chapter 7 debtors should not be permitted to obtain a "determination of secured status" as of the petition date, since the effect of such a determination would be to "improperly freeze the creditor's secured interest at the judicially determined value." *In re Phillips*, 2005 WL 995001, at *1.

In this case, any lien of the IRS passes through the Chapter 7 case, and no authority exists to permit the Debtors to

restrict the lien to the value of the Debtors' property as of the date that they filed their bankruptcy petition. The Debtors' Objection to Claim Number 5 of the IRS should be overruled to the extent that it seeks a determination that the IRS's Claim is unsecured.

## II. Determination of Responsible Officer Liability

In their Objection to the IRS's Claim, the Debtors assert that the Debtor, Lillian Haydee Stone, is not liable for the portion of the IRS's Claim based on penalties under § 6672 of the Internal Revenue Code for unpaid withholding taxes.

The IRS contends that the Objection should be overruled, or alternatively that the Court should abstain from determining Lillian Stone's tax liability, because the Debtors are not parties in interest entitled to contest the claim in this no-asset Chapter 7 case.

The Court finds that it should abstain from determining Lillian Haydee Stone's tax liability.

■ Section 505(a) of the Bankruptcy Court provides:

**11 U.S.C. § 505. Determination of tax liability**

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a). The two purposes of Section 505 are (1) to provide a forum for the determination of tax claims, if the administration of the bankruptcy case would be delayed by allowing the determination

to be made in other proceedings, and (2) to provide an opportunity for the trustee to contest a tax claim if the debtor had been unable or unwilling to challenge the claim prepetition. *In re Beisel,* 195 B.R. 378, 379–80 (Bankr.S.D.Ohio 1996).

■ It is generally accepted that neither of the purposes of § 505(a) has any application in "no asset" Chapter 7 cases involving only the debtor and the taxing authority, and that abstention is appropriate in those circumstances. *In re Beisel,* 195 B.R. at 379–80. Because "there is no need for a determination of this tax issue for estate administration purposes, this Court is not the proper forum for this litigation [involving a debtor's objection to a claim filed by the IRS in a no asset Chapter 7 case.]" *Id.* at 380.

In *In re Williams,* 190 B.R. 225 (Bankr. W.D.Pa.1995), for example, as in the case at bar, a Chapter 7 debtor filed an action against the IRS to determine her liability for unpaid employee withholding taxes. *In re Williams,* 190 B.R. at 226. In addressing the IRS's motion to abstain from the proceeding, the Court first noted that its authority to determine a debtor's tax liability under § 505 is discretionary and not mandatory. *Id.* at 227. The Court then noted that the debtor's case was a "no asset" Chapter 7 case, and found that abstention was therefore warranted.

Hearing and deciding this case will not further any bankruptcy interest. No assets will be made available for distribution to creditors if debtor prevails. Conversely, no assets will be available to satisfy the debt owed to IRS should it prevail. Creditors will receive no distribution from the estate under either scenario.

*Id.* at 227. Consequently, the Court abstained from the proceeding, because "Congress did not intend for a bankruptcy court to provide a forum for such litigation

when the outcome of the case will have no impact upon administration of the bankruptcy case." *Id.* at 228.

See also *In re Cunningham,* 278 B.R. 290, 292 (Bankr.M.D.Ga.2002)("The weight of authority demonstrates that abstention is generally appropriate in no-asset Chapter 7 cases. This is because no bankruptcy purpose would be served by a tax determination if no distribution will be made."); and *In re Gossman,* 206 B.R. 264, 267 (Bankr.N.D.Ga.1997)(The Court abstained from determining the debtor's tax liability because "Bankruptcy courts generally abstain from determining tax liability in no-asset chapter 7 case," and because "[s]etting the amount of trust fund liability would be of no use to the administration of this bankruptcy estate.").

In the case at issue, the Chapter 7 Trustee has filed her Report of No Distribution and found that no property was available for distribution to creditors. In their Objection to Claim, the Debtors seek a determination that Lillian Haydee Stone is not liable for the taxes set forth in the IRS's Claim. Since the determination will have no impact on the administration of the bankruptcy case, the Court finds that it is appropriate to abstain from determining the tax liability of Lillian Haydee Stone.

### Conclusion

The Debtors filed an Objection to Claim # 5 of the IRS. In the Objection, the Debtors contest the secured status of the IRS's Claim. The Court finds that the Objection should be overruled to the extent that it seeks a determination of the IRS's secured status, because any lien of the IRS "passes through" the bankruptcy case, and no authority exists to permit the Debtors to value the lien as of the date that the bankruptcy petition was filed.

In the Objection, the Debtors also seek a determination that the Debtor, Lillian Haydee Stone, is not liable for the taxes set forth in the Claim. The Court should abstain from determining the tax liability of Lillian Haydee Stone, because the determination will have no impact on the administration of this "no asset" Chapter 7 case.

Accordingly:

**IT IS ORDERED** that:

1. The Motion by United States to Overrule Contested Matter is granted as set forth in this Order.

2. The Debtors' Objection to Claim # 5 of the Department of Treasury, Internal Revenue Service, is overruled to the extent that it seeks a determination of the secured status of the IRS's Claim.

3. The Court exercises its discretion to abstain from determining the tax liability of the Debtor, Lillian Haydee Stone.